HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANNY D. BALDWIN, *sui juris, nonresident alien individual and as a free inhabitant of Washington State,*<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 14-CV-6017-RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[DKT. #7] |

## I.  BACKGROUND

THIS MATTER is before the Court on Defendant United States' Motion to Dismiss for insufficiency of process and lack of personal jurisdiction under Rules 12(b)(5) and 4(m). [Dkt. #7]. The government argues that Plaintiff Danny D. Baldwin has not properly served it within the required 120 day period and fails to show good cause warranting extension of the requirement. Baldwin does not dispute that he has not served the United States but contends that his service to the IRS is sufficient.

Baldwin filed a Petition to Quash Summons issued by the Internal Revenue Service on December 24, 2014. (Dkt. #1-1).  Baldwin's allegations against the IRS arise from Revenue

1 | Agent Erin Ray's actions in her official capacity investigating his potential federal income tax
2 | liability.  Revenue Agent Ray was—incorrectly—named as defendant and served with a copy of
3 | the petition and a summons on March 2, 2015.  (Dkt. #1-2, Dkt. #6).  The United States filed a
4 | Motion to Dismiss or Summarily Deny Petition to Quash IRS Summons.  (Dkt. #7)  The
5 | government argues that: (1) the United States is the proper defendant in this action; (2) the
6 | petition should be dismissed for improper service; and/or (3) the petition should be summarily
7 | denied.  *Id.*

8 |     This Court entered an Order dismissing Revenue Agent Ray and the IRS as defendants
9 | and substituting the United States as proper defendant on May 7, 2015.  (Dkt. #11).  The Order
10 | also granted Baldwin fourteen days to address the merits of the motion including adequacy of
11 | service. *Id.* Baldwin does not claim that he properly served the United States.  He does "object to
12 | the claim that the United States was not served," and claims that "court clerks are not very
13 | helpful to pro se litigants who do their best to comply with the rules." (Dkt. #12 at 6).

14 | **II.     DISCUSSION**

15 |     A defendant may move to dismiss an action if service of process is insufficient. Fed. R.
16 | Civ. P. 12(b)(5); *Direct Mail Specialists v. Eclat Computerized Techs., Inc.,* 840 F.2d 685, 688
17 | (9th Cir. 1988) ("[A] federal court does not have jurisdiction over a defendant unless the
18 | defendant has been served properly under Fed. R. Civ. P. 4.")  Without personal service in
19 | accordance with Rule 4, district courts lack jurisdiction to render a personal judgment against a
20 | defendant.  *Hutchinson v. United States,* 677 F.2d 1322, 1328 (9th Cir.1982).  It is the plaintiff's
21 | burden to establish the court's personal jurisdiction over a defendant.  *Doe v. Unocal Corp.,* 248
22 | F.3d 915, 922 (9th Cir.2001). *Pro se* litigants are allowed more latitude than litigants represented

by counsel to correct defects in service of process. *Moore v. Agency for Int'l Dev.,* 994 F.2d 874, 876 (D.C. Cir. 1993).

**A.    Insufficient Service of Process**

To serve the United States, the plaintiff must serve both the United States Attorney for the district where suit was filed and the United States Attorney General in Washington, D.C. with the complaint and summons. Fed. R. Civ. P. 4(i)(1).  Plaintiff must comply with service requirements unless he "shows good cause for the failure." Fed. R. Civ. P. 4(m).  A good cause exception applies only in limited circumstances and "inadvertent error or ignorance of governing rules" does not excuse failure to effect timely service." *Hamilton v. Endell,* 981 F.2d 1062, 1065 (9th Cir.1992); *See also Townsel v. County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987) (holding that inadvertent error or ignorance of the governing rules does not constitute good cause); *Swimmer v. IRS,* 811 F.2d 1343, 1344 (9th Cir.1987) (holding that ignorance of court rules by pro se litigant does not constitute an excusable neglect).

The 120–day time period for service "operates not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States,* 517 U.S. 654, 661 (1996).  If a plaintiff shows good cause for not serving a complaint within 120 days, the court "shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).  "If no good cause is shown, Rule 4(m) permits, but *does not require*, the district court to extend time for service." *De Tie v. Orange County,* 152 F.3d 1109, 1111 n.5 (9th Cir. 1998) (emphasis added).  The court has the discretion to dismiss an action without prejudice if a plaintiff fails to effect proper service within 120 days, provided the plaintiff has received notice. *Dorrough-Merino v. Stone,* No. C05-750JLR, 2005 WL 2290673, at *1 (W.D. Wash. Sept. 20, 2005).

1     Baldwin has yet to file any proof filed that the United States has been served pursuant to FRCP 4(i)(1), even though the United States (and the Court) have told Baldwin about the defects in service, and the consequences of failing to cure them.  Baldwin's certificate of service fails to demonstrate that he served the United States Attorney in this district, and the United States Attorney General, as required.  Baldwin has not shown good cause for his failure, and the deadline for service will not be extended further.

## CONCLUSION

For the reasons stated above, Defendant United States' Motion to Dismiss for insufficiency of service pursuant to Rule 12(b)(5) and Rule 4(m) is **GRANTED**.  Plaintiff Baldwin's Petition to Quash Summons is **DISMISSED** for failure to properly serve the United States and lack of personal jurisdiction.

Dated this 19th day of June, 2015.

                                          Ronald B. Leighton
                                          United States District Judge